# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-539 JGB (SPx)** | Date | May 25, 2023 |
|---|---|---|---|
| Title | ***Barbara County v. Stoneledge Furniture LLC, et al.*** | | |

Present: The Honorable  JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 11);
(2) REMANDING Case to Superior Court for the State of California for
the County of Riverside; and (3) VACATING the June 5, 2023 Hearing
(IN CHAMBERS)**

Before the Court is a motion to remand filed by Plaintiff Barbara County ("Plaintiff" or
"County"). ("Motion," Dkt. No. 11.) The Court finds this matter appropriate for resolution
without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support
of and in opposition to the Motion, the Court **GRANTS** the Motion and **REMANDS** the case to
the Superior Court for the State of California for the County of Riverside. The Court
**VACATES** the June 5, 2023 hearing.

## I.   BACKGROUND

On October 24, 2022, Plaintiff filed a complaint in the Superior Court for the State of
California in the County of Riverside against Defendant Stoneledge Furniture LLC (erroneously
sued as "Ashley Furniture") ("Defendant" or "Stoneledge") and Does 1 through 20, inclusive.
("Complaint," Dkt. No. 2-2.) On February 24, 2023, Defendant was personally served with the
Complaint. ("Proof of Service," Dkt. No. 2-4.)

On March 27, 2023, Defendant removed the case to this Court. ("Notice of Removal,"
Dkt. No. 2.) Defendant removed on the basis of diversity jurisdiction, asserting that Plaintiff is a
citizen of California, it is a citizen of Wisconsin, and the amount in controversy exceeds $75,000.
(See id. 2–5.)

---

**CIVIL MINUTES—GENERAL**

On April 26, 2023, Plaintiff filed this motion to remand.  (Motion.)  In support of the Motion, Plaintiff submitted a declaration of Setareh Panah ("Panah Decl.," Dkt. No. 11-1) with an attached exhibit ("Panah Ex. 1," Dkt. No. 11-2).  On May 15, 2023,  Defendant opposed the Motion.  ("Opposition," Dkt. No. 12.)  In support of the Opposition, Defendant submitted a declaration of Danielle Underkoffler ("Underkoffler Decl.," Dkt. No. 12-1) with attached exhibits ("Underkoffler Exs. A–F," Dkt. No. 12-2–7) and a declaration of Kathy Lerner ("Lerner Decl.," Dkt. No. 12-8).  On May 22, 2023, Plaintiff replied.  ("Reply," Dkt. No. 13.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013).  As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.

Removal statutes are to be strictly construed, Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal bears the burden of proving its propriety.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683–85 (9th Cir. 2006) (per curiam); see also Calif. ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) ("[T]he burden of establishing federal jurisdiction falls to the party invoking the statute[.]").  "[A]ny doubt about the right of removal requires resolution in favor of remand."  Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

The district court may remand the case *sua sponte* or on the motion of a party.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)).  The Court must ordinarily address any jurisdictional questions first, before reaching the merits of a motion or case.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998).  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Ex Parte McCardle, 7 Wall. 506, 514 (1868).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447.

When a state-court complaint alleges on its face "damages in excess of the required jurisdictional minimum," the amount pled controls, unless it appears "to a legal certainty" that the claim is for less than the jurisdictional amount.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402-404 (9th Cir. 1996).  "In determining the amount in controversy, courts first look to the complaint." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015).  The removing party need only include a "short and plain statement" setting forth "a plausible

allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 87-88 (2014). However, where the plaintiff contests the removing defendant's allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in controversy requirement has been satisfied." Id. at 82.

Conversely, "[w]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Fritsch v. Swift Transp. Co. of Ariz., 899 F.3d 785, 793 (9th Cir. 2018); see also Dart Cherokee, 574 U.S. at 82. "Doubt arising from inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." Charlin v. Allstate Ins. Co., 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." Lewis v. Verizon Comm'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010). Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" Campbell v. Vitran Express, Inc., 471 F. App'x. 646, 648 (9th Cir. 2012) (quoting Kenneth Rothschild Tr. v. Morgan Stanley, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

## III.   FACTS

On October 29, 2020, Plaintiff visited an Ashley Store located at 34740 Monterey Avenue in Palm Desert, California (the "Store"). (Complaint ¶¶ 13, 15.) Defendant owned, maintained, operated, managed, and supervised the Store. (Id. ¶ 14.) As she was walking inside the Store, Plaintiff tripped on a rug that was folded in half on the floor. (Id. ¶ 16.) Plaintiff fell to the ground, sustaining injuries. (Id. ¶ 17.) Defendant's employees did not take any steps prior to Plaintiff's fall to maintain clear ground. (Id. ¶ 18.) Defendant's employees did not place any "caution" tape or safety cones near the area where Plaintiff fell. (Id.) They did not place a monitor near the area to direct patrons to avoid the hazard on the floor. (Id.)

## IV.   DISCUSSION

### A.  Amount in Controversy

As discussed above, the removing defendant bears the burden of proving the amount in controversy is met. See Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998 (9th Cir. 2007), overruled on other grounds by Standard Fire Ins. Co. v. Knowles, 568 U.S. 588 (2013). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). A removing defendant's conclusory allegations as to the amount in controversy are insufficient. Id. at 1090–91.

Here, the Complaint does not allege an amount in controversy (<u>see</u> Complaint), so Defendant bears the burden of proving the amount in controversy has been met. Defendant alleges that "[o]n March 27, 2023, during a telephonic conference with Plaintiff's counsel, Setareh Panah confirmed that, with the information known to date, the amount in controversy exceeds $75,000 in this case." (Notice of Removal ¶ 16.) However, Plaintiff's counsel clarified that Plaintiff only refused to stipulate to seek damages of $75,000 or less. (<u>See</u> Panah Decl. ¶ 3.) Further, Plaintiff's counsel stated that "based on the amount of medical expenses known to me, it was possible for Plaintiff to seek $75,000 or more in damages at a later date." (<u>Id.</u>) Defendant does not dispute that the amount of Plaintiff's medical expenses to date is nearly $40,000. (<u>See id.</u> ¶ 4; <u>see</u> Opposition at 7.)

Defendant argues that "with past medical specials nearing $40,000, Plaintiff will certainly seek, not only recover for these expenses, but also for her future medical specials and pain and suffering/general damages." (Opposition at 3.) Yet this is "mere speculation and conjecture." <u>Ibarra</u>, 775 F.3d at 1197. Defendant provides no evidence of any amount Plaintiff seeks beyond the nearly $40,000 in past medical expenses. Defendant merely argues, without proof, that "[i]t is unfathomable that with nearly $40,000 in past medical specials alone that Plaintiff would not seek ***at least*** double (if not triple) that figure for total recovery." (Opposition at 7.) Such conclusory allegations are insufficient to establish removal jurisdiction. <u>See Matheson</u>, 319 F.3d at 1090–91. Thus, Defendant has failed to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.

The Court concludes that it lacks subject matter jurisdiction over the action. Because the Court finds that the amount in controversy has not been met, the Court does not reach the parties' arguments and evidence regarding the diversity of citizenship. Without subject matter jurisdiction, the Court is required to remand the case. <u>See</u> 28 U.S.C. § 1447.

## V.  CONCLUSION

For the reasons above, the Court **GRANTS** the Motion and **REMANDS** the case to the Superior Court for the State of California for the County of Riverside. The Court **VACATES** the June 5, 2023 hearing. The Clerk is directed to close the case.

**IT IS SO ORDERED.**